**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CINDY W. BLISS,**

    **Plaintiff,**

**v.**                                                            **Case No.  8:06-cv-1644-T-TBM**

**MICHAEL J. ASTRUE,[1]
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

**O R D E R**

The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits.  For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was thirty-nine years of age at the time of her administrative hearing in June 2005.  She stands 5' 5" tall and weighed 230 pounds.  Plaintiff has a high school education with a couple of years of college.  Her past relevant work was as a restaurant manager, office worker, and stock clerk at a grocery.  Plaintiff applied for disability benefits in April 2003, alleging disability as of May 5, 2001, by reason of pain associated with low back injury, bulging disks, degenerative disk disease, stenosis, and chronic asthma.  The Plaintiff's application was denied originally and on reconsideration.

---

[1]Michael J. Astrue became Commissioner of Social Security on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in her own behalf. No other witnesses testified at the initial hearing. At a subsequent hearing in January 2006, the ALJ heard from Plaintiff's roommate, a medical advisor, and a vocational expert.

In essence, Plaintiff testified that she could no longer work at any job due to limitations related to her high blood pressure, asthma, low back pain, and a hernia. By her account, she could only lift five to ten pounds; stand, with assistance, for thirty minutes; walk five to ten minutes without stopping; and sit for thirty minutes unless she could change positions and lie back in a recliner.[2] She claimed severe low back pain radiating down her left leg, along with a suggestion of breathing problems. At the conclusion of this brief hearing, Plaintiff's counsel objected to an exhibit, 5F, as being illegible and from an unknown source. Counsel suggested that without this exhibit, another exhibit, 4F, revealed that Plaintiff met the listing based on her breathing problems. The ALJ indicated he would prefer ordering another pulmonary function test rather than remove the exhibit. (R. 365-69).

At the hearing in January 2006,[3] Alma Pena testified that she is Plaintiff's roommate and has helped care for Plaintiff and her two children for five or six years. According to Ms. Pena's account, the Plaintiff needs help with everything including chores and caring for her daughters. When Plaintiff is suffering an asthma attack, the witness must help her with her

---

[2]Plaintiff indicated she could sit for "several hours" if permitted to change positions and lie back in a recliner.

[3]Plaintiff was present at the second hearing, but only gave brief testimony during the questioning of the VE concerning an injury to her wrist after a fall. (R. 380-81).

treatment. By the witness's account, Plaintiff has asthma attacks five to six times a week. The witness described Plaintiff as unable to bend over or lift and in constant pain whether she is sitting or standing. (R. 372-76).

The ALJ next took testimony from Michael Eastridge, Ph.D., a licensed psychologist called as a medical expert ("ME") in these proceedings. In response to brief questioning by the ALJ, the witness testified that Plaintiff did not meet any listing and based on her psychological condition she was capable of performing simple work. On questioning by Plaintiff's counsel, the ME testified that he had been in private practice since 1983, and only a small percentage of his practice involved work for the Social Security Administration. He acknowledged that Dr. Wu diagnosed Plaintiff with depression and posttraumatic stress disorder with "fair progress." He explained that Effexor is a medication used for depression and can have mild sedative side effects. The ME acknowledged that pain could contribute to depression, that depression could contribute to pain, and that there can be a cycle of one contributing to the other. (R. 376-79).

Next, the ALJ took testimony from Teresa Manning, a vocational expert ("VE"). The witness testified on an assumption of an individual of Plaintiff's age and education with a history of obesity, hypertension, asthma, upper urinary tract infections, mitral valve prolapse, depression, and scaphoid fracture with right thumb ligament tear and disk protrusion; capable of lifting ten pounds; with a need to sit and stand at will; capable of occasional stooping; no squatting, kneeling, or crawling, and climbing stairs; no exposure to industrial fumes, dust, or smoke; and limited to performing simple work. On these assumptions, the VE opined that such person would be incapable of performing Plaintiff's past work but could work as a ticket checker, vinyl assembler, and food checker. The VE estimated that ten to fifteen percent of

3

the sedentary occupational base would be eroded by the limitations imposed in the hypothetical.

On questioning from Plaintiff's counsel and on a further assumption that such person would be frequently unable to walk two hours in an eight-hour working day, the VE testified that the jobs she identified would not require that amount of walking, although by definition, sedentary work includes the ability to walk up to two hours in an eight-hour workday.  With an additional limitation for only occasional use of the right upper extremity for pushing or pulling and occasional limitation for gross manipulation of the right hand, a right hand dominate person would be precluded from the jobs so identified.  (R. 379-86).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed herein as necessary.

By his decision of June 6, 2006, the ALJ determined that while Plaintiff has severe impairments related to scaphoid fracture/right thumb ligament strain, degenerative disk disease, history of hypertension, obesity, asthma, low back pain, depression, mitral valve prolapse, and retrocele[4], she nonetheless had the residual functional capacity to perform unskilled sedentary work.  Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform jobs available to her in the local and national economy.  Upon this conclusion, the Plaintiff was determined to be not disabled.  (R.11-18).  The Appeals Council denied Plaintiff's request for review.

---

[4]The decision cites "retrocele." (R. 13).  As noted however, the medical records cited by the ALJ indicate this condition is actually "rectocele."

4

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are

supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).

### III.

The Plaintiff raises two claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) Did the ALJ properly consider the combined effect of all impairments?

(2) Does new, material evidence here warrant remand?

By her first claim, Plaintiff argues that the ALJ failed to properly consider the combined effect of her asthma, colon problems, supraventricular tachycardia, and thyroid enlargement and likewise failed to consider fatigue, bowel blockage/discomfort, vertigo, shortness of breath, headaches, and confusion from her depression. Plaintiff also urges that the decision "grossly" misstates the facts in concluding that no examining doctor had suggested the existence of any impairment of listing severity when in fact, Dr. Moorthy's findings supported

the conclusion that her breathing problems associated with asthma met the listing at 3.02a. (R. 154-63). Plaintiff also objects that the ALJ considered the report of an unknown individual that Plaintiff objected to at the hearing and because the ALJ said he would order additional pulmonary testing but failed to do so.[5]

The Act and pertinent case law require that the ALJ consider each impairment, as well as the combined effect of all a claimant's impairments. 42 U.S.C. § 423(d)(2)(B); *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986). In *Bowen v. Heckler*, 748 F.2d 629 (11th Cir. 1984), the court held that where a claimant has alleged a multitude of impairments, a claim for benefits may lie even though none of the impairments, when considered individually, is disabling. In such instances, the ALJ must make specific and well-articulated findings as to the effect of the combination of impairments and whether the combined impairments cause the claimant to be disabled. *Id.* at 635; *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

Upon my review of the decision in light of the medical record, Plaintiff is not entitled to relief on this claim. While it may be accurate that the ALJ did not expressly mention every subjective complaint or symptom made by the Plaintiff to the variety of doctors from whom she sought care, the decision reflects that the ALJ understood his obligation to consider the combined effects of all of Plaintiff's impairments, *see* (R.12, 14), and that he fairly reviewed and assessed the medical records submitted in support of this claim. To the extent that Plaintiff

---

[5]As suggested in the Commissioner's brief, this last complaint concerning the failure of the ALJ to follow through with another pulmonary function test is unfounded in light of the subsequent evaluation by Dr. B.K. Gupta, M.D., which included such additional testing. *See* (R. 256-59). The complaint about the ALJ's reliance on an unknown individual's report at Exhibit 5F is also without merit. The mere fact that the signature was not recognizable alone is no cause to exclude the evidence, especially since the report was not used against the Plaintiff.

suggests that the ALJ breached the applicable standard, she fails to demonstrate such. In this circuit, the ALJ's finding that the claimant does not have an impairment or combination of impairments that meets or equals a listed impairment is sufficient to evidence the ALJ's consideration of the combined effect of a claimant's impairments. *See Jones v. Dep't of Health & Human Servs.,* 941 F.2d 1529, 1533 (11th Cir. 1991). Despite Plaintiff's claim that the ALJ failed to mention certain impairments or subjective complaints, the decision reflects otherwise.

At the administrative hearing, Plaintiff testified that she was unable to work due to asthma, high blood pressure, low back pain, and a hernia problem. By her account, these impairments resulted in severe functional limitations and the need for her to recline in a recliner most of the day for comfort. These conditions were fairly identified by the ALJ and adequately assessed in light of the medical record. At the outset of the decision, the ALJ credited Plaintiff's history of asthma, back injuries including bulging disc and spinal stenosis, plus her low back radiating pain, a right ankle fracture, fracture of the scaphoid in the right wrist, hypothyroidism, mitral valve prolapse, and hypertension. The ALJ also acknowledged that Plaintiff complained additionally of depression, obesity, and rectocele. As the decision further reflects, the ALJ acknowledged that her various conditions could account for her symptoms although not to the extent claimed. More particularly, in connection with his actual review of the medical reports, the ALJ cited the complaints and treatment records for chronic back pain, hemorrhoids, asthma, hypertension, viral illness, urinary tract infection, dyspnea on exertion, rectocele, an assessment for headaches, a surgical procedure for her rectocele, an ankle injury, pulmonary function testing revealing obstructive lung disease, noncardiac chest pain, hypertension, tachycardia, complaints of low back pain, gastritis, constipation, obesity,

insomnia, and scaphoid fracture in the right wrist.[6] Additionally, the ALJ fairly reviewed the evidence from the mental health examiners and their conclusions. After doing so, the ALJ concluded that Plaintiff overstated her symptoms and then assessed her capable of a restricted range of sedentary work. This conclusion is not challenged on this appeal.

In light of the ALJ's statement indicating he had considered the combined effect of Plaintiff's impairments and given his review of the medical record, it is impossible to conclude, as Plaintiff suggests, that the ALJ did not fairly consider her impairments and alleged symptoms, and Plaintiff fails to demonstrate otherwise on this appeal. Upon my own review of the entire medical record, the ALJ fairly credited Plaintiff with impairments that reduced her work capability to a limited range of sedentary work. His assessment fairly accounted for those functional limitations reasonably gleaned from the record. Significantly, Plaintiff does not contest the ALJ's RFC assessment on this appeal. Accordingly, I conclude that Plaintiff is not entitled to relief on this claim.

As for the ALJ's determination that Plaintiff did not meet or equal a listed impairment, the record as a whole supports the conclusion, and Plaintiff does not demonstrate otherwise. The listing of impairments in the Social Security Regulations identifies impairments considered severe enough to prevent a person from engaging in gainful activity. By meeting a listed impairment or otherwise establishing an equivalence, a Plaintiff is presumptively determined to be disabled regardless of his age, education, or work experience. However, at

---

[6] As noted by the Commissioner and as a review of the record will reveal, many of the Plaintiff's complaints were unsupported by clinical or objective findings, in other instances such as her asthma and hypertension, the conditions were controlled by medication, and where surgery was performed, the results were reported as successful.

this stage of the evaluation process, the burden is on the plaintiff to prove that he or she is disabled. *Bell v. Bowen*, 796 F.2d 1350, 1352 (11th Cir. 1986); *Wilkinson v. Bowen*, 847 F.2d 660, 663 (11th Cir. 1987).

In this circuit, a plaintiff must present specific findings that meet the various tests listed under the applicable listing. Where the plaintiff claims an impairment that equals one of the listed impairments, he must present medical evidence that describes how the impairment has such an equivalency. *Bell*, 796 F.2d at 1353. Mere diagnosis of a listed impairment is not enough as the record must contain corroborative medical evidence supported by clinical and laboratory findings. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). To "equal" a listing, "the medical findings must be 'at least equal in severity and duration to the listed findings.'" *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). Here, Plaintiff does not establish the necessary criteria for either the listing at 3.02A or 3.02B. While one spirometric test reported listing level results, two others did not. *Compare* (R.162) *with* (R. 166, 265). Further, as noted by the ALJ, Plaintiff's treatment records generally confirmed that Plaintiff's asthma was maintained with medication. As for the ALJ's "gross misstatement of facts," in noting that no treating or examining doctor had suggested an impairment or combination of impairments of listing level severity, the statement is literally true. In particular, Dr. Moorthy made no such statement, although he reported tests results suggesting severe, obstructive lung disease. Again, however, when the whole record is considered, that statement by the ALJ is no cause for a remand.

By her second claim, Plaintiff cites to new evidence from Dr. Donna Perrin, M.D., submitted to the court with her Petition reflecting on the cancerous condition in her thyroid

discovered after the second administrative hearing. Citing *Vega v. Massamary*, 265 F.3d 1214 (11th Cir. 2001), Plaintiff urges that under the "new evidence" standard and sentence six of 42 U.S.C. § 405(g), the case should be remanded to the Commissioner for further consideration. By Plaintiff's argument, the evidence did not exist at the time of the administrative hearing and is material in that there is a reasonable possibility that the evidence would change the administrative result. Plaintiff urges her weakened state after the thyroid surgeries as the cause for not having submitted this evidence at the administrative level.

Section 405(g) of Title 42 authorizes a district court to remand an application for benefits to the Commissioner by two methods, commonly denominated as "sentence four remands" and "sentence six remands." Each sentence "remedies a separate problem." *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). As that decision is pertinent to this claim, the Eleventh Circuit held that when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous under sentence four. *Id.* at 1262. In essence, the Appeals Council's denial of a request for review is part of the "final decision" of the Commissioner and is subject to judicial review. *Id.* at 1264.

On the other hand, "[s]entence six of 42 U.S.C. section 405(g) provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time to the district court." *Ingram*, 496 F.3d at 1267. Thus, under sentence six of 42 U.S.C. § 405(g), a court may remand a case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id*. By this standard, to

demonstrate that a remand for consideration of new evidence is appropriate, the Plaintiff must demonstrate that: (1) there is new, non-cumulative evidence; (2) the evidence is material, i.e., relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level. *See Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir.1998); *Caulder v. Bowen*, 791 F.2d 872, 877 (1986).

Even assuming that the evidence attached to Plaintiff's Petition is "new" evidence,[7] I agree with the Commissioner that it is not "material" as such term is defined under the new evidence standard.[8] While the reports indicate that Plaintiff's longstanding thyroid problems had progressed to a cancerous condition at least by March 2006, they reflect no long-term impairment and no significant functional limitations or lasting work-related limitations as a consequence. While there is reference to follow-up radioiodine treatment and follow-up visits with her doctor, the records do not reveal a disabling condition nor do the doctors suggest one. These reports would not likely alter the conclusion that Plaintiff could do a limited range of sedentary work. Therefore, even assuming there is good cause for the failure of Plaintiff to

---

[7]The evidence was not available to Plaintiff at the time of her hearing. However, both surgical procedures referenced in the reports occurred prior to the date of decision, and the report of the March 2006 procedure was likely available to Plaintiff prior to the date of decision. Clearly, all the reports were available to Plaintiff and counsel for filing for review by the Appeals Council. As "cause" for not filing the reports, Plaintiff's counsel urges that she was left weak and without a voice for some time after the procedures. Even if accurate, this would not account for the failure to file the matters for consideration by the Appeals Council. In any event, the reports are not material such that a remand is warranted.

[8]The reports reflect that in March and June 2006, Plaintiff underwent surgical procedures to remove first the left and then the right lobe of her thyroid, which were found to be cancerous. The procedures were successful, and Plaintiff was discharged home the day after surgery each time.

submit these reports to the Commissioner, they are not material such that a remand is warranted.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 24th day of March 2008.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record